

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

MJL:BTR
F.# 2005R00022
RuggieroReply.wpd

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

August 15, 2007

<u>Delivery by Hand, ECF and Mail</u>

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
1010 Federal Plaza
Central Islip, New York 11722

    Re:   <u>United States v. Angelo S. Ruggiero</u>
          05-CR-196 (SJF)

Dear Judge Feuerstein:

      The government submits this letter to correct errors in the defendant's surreply motion to dismiss Indictment 05 CR 196 (SJF) with prejudice.

      First, the defendant argues that the government should produce sworn affidavits from the prosecutors assigned to both the Ruggiero case and <u>United States v. Pizzonia</u> case, 05 CR 425 (JBW). The government has no such burden. The government has reiterated its position numerous times on the record and in writing. The government's reason for dismissal has always been its desire to have all co-conspirators present at one trial. Again, the defendant makes a frivolous argument unsupported by anything but complete speculation and surmise; in this he is in error.

      Secondly, Ruggiero argues that the indictment must be dismissed on speedy trial grounds because he did not waive speedy trial. He is in error. The defendant seems to misunderstand the effect of a co-defendant on his right to a speedy trial. Generally, 18 U.S.C. § 3161(h)(8) provides that a defendant's speedy trial clock stops for reasonable periods of excludable delay <u>caused by any co-defendant</u> as to whom the time for trial has not run and no motion for severance has been granted. The case law in this area is clear. <u>See</u> <u>United States v. Vasquez</u>, 1989 U.S. Dist. LEXIS 8156, *10 (S.D.N.Y. 1989) (emphasis added). The Second Circuit has held that "when defendants are joined in an indictment, exclusion of time as to one for pre-trial

*A TRUE COPY ATTEST*
DATED 9/26 07
BY [signature] CLERK
DEPUTY CLERK

2

proceedings, stops the unitary speedy-trial clock as to all." United States v. Piteo, 726 F.2d 50 (2d Cir. 1983). See also United States v. Cephas, 973 F.2d 816, 821 (2d Cir. 1991).

A total of fourteen other co-defendants, including John Andriano, Pasquale Andriano, Daniel Bowles, Richard Brownrigg, Harry Gabor, Joseph Iorio, Joseph Lampasona, Sean Lennon, Michael Lezamiz, Henry Navarra, Leonard Palone, Vincent Saporito, Richard Schwerdt, and Peter Zuccaro, were indicted, along with Ruggiero, in connection with the marijuana distribution scheme. There were numerous motions, waivers of speedy trial rights, and other proceedings involving all co-defendants until their eventual guilty pleas. As a result, the speedy trial clock was stopped due to the activity of co-defendants.

The defendant argues that more than 70 days of unexcludable delay accumulated under the Speedy Trial Act from August 17, 2006 to October 26, 2006. Here he is also in error. On August 23, 2006, Defendant Brownrigg waived speedy trial rights until September 14, 2006. On September 12, 2006, Defendant Zuccaro waived speedy trial rights until November. As argued above, "when defendants are joined in an indictment, exclusion of time as to one for pre-trial proceedings, stops the unitary speedy-trial clock as to all." Piteo, 726 F.2d at 50. Therefore, only five days of unexcludable speedy trial time tolled between August 17, 2006 and October 26, 2006.

Finally, the defendant could and would have been tried on May 9, 2007 but by his own choice sought a delay. As a result, the defendant's trial date was reset for September 2007 and waived his speedy trial rights until that date. The defendant still does even appear to acknowledge that he knowingly and willingly waived those speedy trial rights.

3

For the foregoing reasons, the defendant's motion for dismissal of the Indictment should be denied.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By: *[signature]*

BURTON T. RYAN, JR.
Assistant U. S. Attorney

cc: James R. Froccaro, Jr.
    Attorney for Ruggiero