

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MJL:BTR
F.# 2005R0022

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

June 26, 2007

By Hand and ECF

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
1010 Federal Plaza
Central Islip, New York 11722

Re: United States v. Zuccaro, et al (Angelo S. Ruggiero)
    05 CR 196 (SJF)

Dear Judge Feuerstein:

    The government submits this letter in opposition to defendant's letter requesting reconsideration of Angelo Ruggiero's bail status. The defendant argues that the testimony of Peter Zuccaro rebuts the presumption of detention required under Section 3142(e) of the Bail Reform Act. Ruggiero suggests that a $4 million bond, secured by $2 million in equity in real property and 24-hour house arrest is sufficient. This argument is clearly flawed. No circumstances have changed that reduces the defendant's danger to the community. Detention should be continued.

    The Bail Reform Act of 1984 states that a judge may detain a defendant if that defendant's release "will endanger the safety of any other person or the community." 18 U.S.C. § 3142(e). The concept of dangerousness includes "the danger that the defendant might engage in criminal activity to the detriment of the community." United States v. Millian, 4 F.3d 1038, 1048 (2d Cir. 1993). Included within the concept of "detriment to the community" is "the harm to society caused by the likelihood of continued narcotics trafficking." United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985). In United States v. Rodriquez, 950 F.2d 85, 87 (2d Cir. 1991), the Second Circuit reversed an order to release a narcotics defendant with no criminal record because of the danger he posed to the community.

    Here, the defendant should be detained because of the risk of continued drug trafficking and because the proposed bail package contains "no measures to assure the safety

2

of the community." See Id. The Second Circuit has not found that a large bond and electronic monitoring can "rebut the presumption of dangerousness." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). As a result, the offer of house arrest is "wholly inadequate" to protect the community from the actions of the defendant. United States v. Colombo, 777 F.2d 96, 99-100 (2d Cir. 1985).

The defendant's letter offers many excerpts of testimony by Peter Zuccaro from United States v. Dominick Pizzonia and Alfred DiConiglio, 05-Cr-425 (JBW), in an attempt to prove his innocence. In addition to being vague, this excerpted testimony is exactly that - excerpts of the entire scheme. The government maintains that it will be able to prove that the defendant was a soldier in the Gambino crime family and, in that capacity, supervised the Gambino family's wholesale marijuana distribution business. The government has multiple witnesses who will confirm the defendant's distribution of drugs and the resulting percentage payments he received for his participation.

Additionally, the government will present evidence the defendant filed tax returns that only report income during the charged conspiracy, during the years 2001 to 2005, in amounts from as low as $3750 to a high of $37,500. The defendant lived well above this income level and received hundreds of thousands more in cash payments from drug dealing. The disparity between reported income and spending evidences the income from his oversight of the Gambino family's illegal activities, including drug distribution.

As a result, the defendant Angelo Ruggiero should continue to be detained.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By: _____
BURTON T. RYAN, JR.
Assistant U. S. Attorney

cc: James Fuccaro, Esq.