**JAMES R. FROCCARO, JR.**
Attorney at Law
7 Old Shore Road
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5064
email: JRFESQ61@aol.com

August 16, 2007

BY ECF
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
1010 Federal Plaza
Central Islip, NY

Re: United States v. Angelo S. Ruggiero
05 Cr 196 (S-8) (SJF)

Dear Judge Feuerstein:

Your Honor's individual rules contain a prohibition on filing sur-reply papers. Notwithstanding this prohibition, the government filed a sur-reply yesterday. The government stated in a letter dated August 15, 2007 that "[t]he government submits this letter to correct errors in the defendant's surreply motion to dismiss indictment 05 Cr 196 with prejudice." In reality, however, the defendant did not file sur-reply papers, but, rather, reply papers, which are clearly permitted pursuant to this Court's individual rules.

In any event, there were no "errors" in the defendant's reply. First, the government argued that its reason for dismissing the 2006 Indictment "has always been its desire to have all co-conspirators present at one trial." Rather than make this assertion in affidavit form, however, the government sur-replied that it "has no such burden" and furnished this Court, instead, with rhetoric. Fortunately, the Court, not the government, determines whether there will be a full and fair record developed on this point.

1

Second, Mr. Ruggiero has argued that there were no periods of excludable delay with respect to the 2006 Indictment – between August 17, 2006 and March 15, 2007 – when the indictment was dismissed upon the government's motion to avoid a trial. There were no co-defendants in this case. Mr. Ruggiero also argued that unexcluded speedy trial time from the dismissed prosecution is carried over in order to protect against governmental circumvention of the Speedy Trial Act guarantee. The government has cited no case law to suggest otherwise. Instead, the government has now argued in its sur-reply that "[t]he defendant seems to misunderstand the effect of a co-defendant on his right to a speedy trial."[1]

---

[1] If this Court finds that the co-defendants actions in the 2005 Indictment – after Mr. Ruggiero was included – somehow served to toll the speedy trial clock with respect to the 2006 Indictment – then Mr. Ruggiero reserves the right to argue that other periods are not excludable. For example, the period between January 17, 2007 – when this Court ordered the government to proceed to trial on the charged offenses – until May 5, 2007 – when the government represented that it would finally be ready try Mr. Ruggiero – should be charged to the government. Indeed, the following exchange took place during the March 15, 2007 proceedings before this Court on this point:

> MR. FROCCARO:  The only thing I would say is we were ready to go to trial [on February 5, 2007]. In [e]ffect, the government caused it [the trial] to be cancelled. And the net benefit [to the government] is that he sits in jail.
>
> THE COURT:  You can address in your speedy trial motion that these days from February 5 until whatever the date we actually go to trial should not count against him. But, yes, it requires a written [speedy trial] motion.

See government's Exhibit A at page 42.

2

Finally, the government asserted in its sur-reply that:

> The defendant argues that more than 70 days of unexcludable delay accumulated under the Speedy Trial Act from August 17, 2006 to October 26, 2006 [alone]. Here he is also in error. On August 23, 2006, Defendant Brownrigg waived speedy trial rights until September 14, 2006. On September 12, 2006, Defendant Zuccaro waived speedy trial rights until November. As argued above, "when defendants are joined in an indictment, exclusion of time as to one for pre-trial proceedings, stops the unitary speedy trial clock as to all." Therefore, only five days of unexcludable delay time tolled between August 17, 2006 and October 26, 2006.

This argument is factually and intellectually dishonest. In the first instance, Mr. Ruggiero was not even joined in an indictment with Brownrigg and Zuccaro during the months of August and September 2006. Indeed, the government, itself, wrote to Your Honor is its opposition papers that on October 26, 2006, Superseding Indictment 05 Cr 196 (SJF) was returned charging Ruggiero, along with his codefendants in the Zuccaro "grow" operation. See Government's Motion in Opposition to Defendant's Motion to Dismiss the Indictment at page 3 (emphasis supplied).

Moreover, the government continues to feign ignorance of the U.S. Supreme Court's holding in Zedner, that "waivers" of the Speedy Trial Act are unenforceable. According to Zedner, the only "waiver" authorized by the Act is when a defendant either pleads guilty or goes to trial without having moved to dismiss based upon the Act.[2] When Mr. Ruggiero demanded a speedy trial before Judge Seybert back in August of 2006 – Judge Seybert specifically warned the

---

[2] As this Court is well aware, the Second Circuit recently had occasion to implement Zedner in the context of a Central Islip prosecution. See United States v. Friemann, 2006 WL 2641189 (where the Second Circuit instructed the District Court to vacate defendant Robert Friemann's conviction for a tax violation and dismiss his indictment on speedy trial grounds. As the Circuit explained "we conclude that the Supreme Court's decision in Zedner requires that Friemann's conviction be vacated.") This case was re-assigned on remand from Judge Seybert to Your Honor.

3

government about the import of the Supreme Court's ruling in Zedner and that 70 days goes by very quickly – and the government responded that it understood. See Defendant's Exhibit B at pages 14-15.

                        Respectfully yours,

                               /JRF/

                       James R. Froccaro, Jr.

JRF:pa