**JAMES R. FROCCARO, JR.**
**Attorney at Law**
**7 Old Shore Road**
**Port Washington, NY 11050**
**telephone: (516) 944-5062**
**fax: (516) 944-5064**
**email: JRFESQ61@aol.com**

August 2, 2007

<u>BY ECF & HAND DELIVERY</u>
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
1010 Federal Plaza
Central Islip, NY 11722

        Re:  <u>United States v. Angelo S. Ruggiero</u>
             05 Cr 196 (S-8) (SJF)

Dear Judge Feuerstein:

    Following you will find Mr. Ruggiero's reply to the government's submission in opposition to his motions to dismiss the indictment. In accordance with Your Honor's individual rules, a hard copy of the motion, opposition and reply will be delivered to chambers.

                    Respectfully yours,

                    /JRF/

                  James R. Froccaro, Jr.

JRF:tp
Encls.

A TRUE COPY
ATTEST
DATED 7/26/07
DISTRICT COURT
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                     05 CR 196 (S-8) (SJF)

ANGELO S. RUGGIERO,

        Defendant.
-------------------------------------------------x


REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT ANGELO S. RUGGIERO'S
<u>MOTION TO DISMISS THE INDICTMENT</u>


JAMES R. FROCCARO, JR.
7 Old Shore Road
Port Washington, NY 11050
(516) 944-5062 (phone)
(516) 944-5064 (fax)
JRFESQ61@aol.com (e-mail)

Attorney for Angelo S. Ruggiero

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                      05 CR 196 (S-8) (SJF)

ANGELO S. RUGGIERO,

        Defendant.
-------------------------------------------------x

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ANGELO S. RUGGIERO'S <u>MOTION TO DISMISS THE INDICTMENT</u>

### PRELIMINARY STATEMENT

Defendant Angelo S. Ruggiero ("Mr. Ruggiero") respectfully submits this memorandum in reply to the "Government's Motion In Opposition To Defendant's Motion To Dismiss The Indictment" (hereinafter the "government's opposition").

ARGUMENT

POINT ONE

THIS INDICTMENT SHOULD BE BARRED
BECAUSE OF THE GOVERNMENT'S PRIOR RULE 48(a) MOTION

When the government moved to dismiss the 2006 Indictment filed against Mr. Ruggiero on the eve of the February 5, 2007 trial ordered by this Court – Mr. Ruggiero argued that the dismissal should be with prejudice because the Court – not the government – is supposed to be the final arbiter for setting a case down for trial on a date certain.

In any event, since this Court ruled on the prior Rule 48(a) motion of the government, new information came to light. The government had a reason "other" than shown for causing the February 6, 2007 trial to be postponed, namely, that it did not want to expose Peter Zuccaro as a witness until he was done testifying at the Pizzonia murder trial before Judge Weinstein in late April 2007. Rather than provide this Court with affidavits from the prosecutors assigned to each case, however, the government's opposition merely consists of a general unsworn denial that "[t]he government has at all times acted in good faith in dealing with [Mr.] Ruggiero." See government's opposition at pages 4-5. The government is not being candid with this Court.

-2-

Attached hereto as Exhibit H is a copy of the relevant portion of the criminal docket for the <u>Pizzonia</u> case before Judge Weinstein. <u>A review of the docket sheet is telling</u>. On June 26, 2006, Judge Weinstein ordered the trial in the <u>Pizzonia</u> case to commence on January 8, 2007. <u>See</u> docket entry # 92. And, on December 27, 2006, the trial date was adjourned by Judge Weinstein to April 2, 2007. <u>See</u> docket entry # 128.

When the <u>Pizzonia</u> trial was scheduled to commence in early January 2007, the government asked this Court to schedule a February 2007 trial date for Mr. Ruggiero. Then, when the trial date in the <u>Pizzonia</u> case was changed to early April 2007, the government caused Mr. Ruggiero's February 2007 trial to be cancelled by filing a motion pursuant to Rule 48(a). After this Court ruled on the Rule 48(a) motion in open court on March 15, 2007, the government then represented that it would be prepared to try Mr. Ruggiero in May 2007, and alone,

if necessary.[1]

The parallels between the two cases are not a coincidence. The government made a tactical decision that it did not want to expose Peter Zuccaro as a witness until he was done testifying at the Pizzonia murder trial in late April 2007. And, the government trifled with Rule 48(a) to achieve this goal.

To further demonstrate and develop a record that the government had a reason "other" than previously shown for dismissing the 2006 Indictment pursuant to Rule 48(a), Mr. Ruggiero has requested a hearing where the parties involved may be examined under oath. While the government was placed on notice – by virtue of Mr. Ruggiero's initial moving papers – that all e-mails, inter-office memorandums or other documentary evidence bearing on this issue should be

---

[1] In an attempt to diffuse Mr. Ruggiero's argument that the government was willing to try him alone in May 2007, but not February 2007, to protect Peter Zuccaro as a witness – the government has now told this Court that "what the defendant fails to recognize is that the choice to try Mr. Ruggiero alone or face a possible dismissal is a significantly different choice, now that only one co-conspirator, Henry Navarra, who had a far different role in the conspiracy, is left to try." See government's opposition at page 6. This argument is disingenuous. Especially since the government was not candid with this Court about the status of the remaining co-defendants in the 2005 Indictment before this Court rendered its decision on the Rule 48(a) motion on March 15, 2007. There was only one remaining co-defendant in the 2005 Indictment who had not accepted a government plea offer in the case then – Henry Navarra – but the government did not disclose this information until after this Court ruled on its motion. See Exhibit A to government's opposition at page 6.

preserved – the government should be ordered to immediately provide any such evidence to the defense.

Finally, the government has not addressed Mr. Ruggiero's argument that by the time that the 2006 Indictment was dismissed, the speedy trial clock had already run, rendering any subsequent prosecution for the same offenses contained within the 2006 Indictment a nullity.[2]

The case law previously cited by Mr. Ruggiero is clear that where an indictment has been dismissed upon a motion of the government – any unexcluded speedy trial time from the dismissed prosecution is carried over to the re-prosecution. And, that this protects against governmental circumvention of the Speedy Trial Act guarantee. The prior case law cited by Mr. Ruggiero is also clear that a violation of the Act's time limitations is always viewed as negatively impacting on the administration of justice.

---

[2] The government recognized in its opposition papers that this Court previously "declined" to rule on the speedy trial prong of Mr. Ruggiero request for a dismissal with prejudice under Rule 48(a) "absent a formal motion" Id. at page 3.

## POINT TWO

## MR. RUGGIERO'S SPEEDY TRIAL RIGHTS HAVE BEEN VIOLATED

As stated previously herein, the case law is clear that <u>where an indictment has been dismissed on a motion of the government – any unexcluded speedy trial time from the dismissed prosecution is carried over to the re-prosecution and this protects against governmental circumvention of the Speedy Trial Act guarantee</u>. Indeed, the government has cited no case law or statute suggesting otherwise.

Quite frankly, it is very hard to understand just what the government's argument is in opposition to Mr. Ruggiero's speedy trial motion here. In sum, the government's argument appears to be that:

> "There was no speedy trial violation from the Indictment. The Speedy Trial Act lists specific periods during which time is excluded, including the delay resulting from other proceedings of other defendants. 18 U.S.C. 3161, <u>et. seq.</u>" [3]

<u>See</u> government's opposition at page 10. The Speedy Trial Act <u>does</u> <u>not</u>,

---

[3] In reality, it is the government's argument that "suffers from a lack of depth of analysis of excludable time (<u>id.</u> at page 10) – not Mr. Ruggiero's. According to the government, "[o]n October 26, 2006, Superseding Indictment 05 Cr 196 (SJF) was returned charging Ruggiero, along with his co-defendants, in the Zuccaro 'grow' operation." <u>Id.</u> at page 3. More than 70 days of unexcludable delay accumulated under the Speedy Trial Act from August 17, 2006, to October 26, 2006, alone. Thus, there is no need to even address whether there are additional periods of delay – both before August 17, 2006 (when Mr. Ruggiero asserted his right to a speedy trial in open court) and after October 26, 2006 (when the government included Mr. Ruggiero's in the 2005 Indictment).

-6-

however, have an exclusion for "other proceedings" of defendants charged in separate indictments like the government appears to be suggesting.[4]

From May 8, 2006, until March 15, 2007, Mr. Ruggiero was charged in a separate indictment – with no co-defendants – with a conspiracy to distribute marijuana and launder money. The government has not addressed at all Mr. Ruggiero's argument that from August 17, 2006 until March 15, 2007 – when this 2006 Indictment was dismissed on the government's motion – there were no periods of excludable delay under the Speedy Trial Act under that indictment.

---

[4] The Speedy Trial Act does provide an exclusion for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." See 18 U.S.C. 3161(h)(7).

Moreover, for the government's information in United States v. Zedner, 126 S.Ct. 1976 (2006), the Supreme Court held that "a defendant may not prospectively waive the application of the Speedy Trial Act," and that "allowing prospective waivers would seriously undermine the Act." Thus, the basis for the purported periods of excludable delay that the government suggested are applicable here "in the year 2007 alone" – prospective waivers of the Speedy Trial Act by defendants – do not apply. See government's opposition at page 11.

Furthermore, in United States v. Tunnessen, 763 F.2d 74, 78 (2nd Cir. 1985), the Second Circuit also held that "time may not be excluded on the "ends of justice" rationale "unless the district court indicates at the time it grants the continuance that it is doing so upon a balancing of the factors specified by section 3161(h)(8)."

Finally, the government's argument that "[i]ronically, Ruggiero only made this [speedy trial] motion after himself asking for an adjournment of his trial from May 2007 until September 2007" – is unfair and nonsensical  Id. at pages 11-12. The undersigned was unavailable due to other enagements on May 9, 2007 – the date that the government represented that it would finally be prepared to try Mr. Ruggiero.  When an inquiry was made about the next available date that this Court would be available to try the case, the courtoom deputy, Mr. Ketcham, explained that it was in early September 2007.  This is supported by the transcript of the proceedings that day.  Thereafter, a speedy trial motion was filed by the undersigned on behalf of Mr. Ruggiero in advance of the September 2007 trial date – as is required by law.   Indeed, it was well in advance.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that defendant Angelo S. Ruggiero's motions should be granted.

Dated: August 2, 2007
      Port Washington, New York

                              Respectfully submitted,

                              /JRF/

                              _____
                              JAMES R. FROCCARO, JR. (JRF 5461)
                              7 Old Shore Road
                              Port Washington, New York 11050
                              (516) 944-5062 (phone)
                              (516) 944-5064 (fax)
                              JRFESQ61@aol.com (e-mail)

                              Attorney for Defendant Angelo S. Ruggiero