**JAMES R. FROCCARO, JR.**
Attorney at Law
7 Old Shore Road
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5064
email: JRFESQ61@aol.com

May 29, 2007

BY ECF & OVERNIGHT DELIVERY W/ENCLS.
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
1010 Federal Plaza
Central Islip, NY 11722

Re: United States v. Angelo S. Ruggiero
05 Cr 196 (S-6) (SJF)

Dear Judge Feuerstein:

As you know, I am the attorney for Angelo Ruggiero. This letter is submitted in support of Mr. Ruggiero's renewed request that he be released on bail pursuant to a significant and restrictive bail package. Namely, a $4 million bond, secured by $2 million in equity in the real property of his loved ones, with a condition that he be placed on 24-hour house arrest with electronic monitoring.

As Your Honor may recall, the consistent theme of the government's proffer to this Court in support of Mr. Ruggiero's detention was that he had allegedly supervised the hydroponic marijuana grow operation of Peter Zuccaro for nearly a decade. For example, in a letter written to Your Honor, the government proffered that:

> "For many years, Ruggiero has supervised the wholesale marijuana distribution [business] for the Gambino Family. Ruggiero effected this through his long association with Peter Zuccaro."

See government's letter in opposition to defendant's motion for bail, to the

1

A TRUE COPY
ATTEST
DATED 9/8/6 20 07
ROBERT C. HEINEMANN
BY [signature] CLERK
DEPUTY CLERK

Hon. Sandra J. Feuerstein, dated May 18, 2006, at page 2. The government also made the same argument to this Court in a Memorandum of Law. The government's proffer in the memorandum included the following:

> Defendant Angelo Ruggiero was part of an underground economy of drug dealing, drug distribution and money laundering for almost a decade....
>
> The government's evidence is that, in furtherance of the affairs of the Gambino family, Michael Paradiso and Angelo Ruggiero have supervised the wholesale marijuana distribution business for the Gambino Family....
>
> In his position with the Gambino Family, Ruggiero supervised the sale of drugs – generating millions of dollars in drug proceeds. A portion of those proceeds, as is required by La Cosa Nostra, were delivered by Ruggiero as "tribute" to his superior in the Gambino Family. Not only is the government able to produce witnesses that heard Ruggiero publicly complaining about those payments, but the government can also produce electronic recordings, developed in the investigation of Paradiso, which confirm delivery of these payments. [1]

See Government's Memorandum of Law in Opposition to Defendant's Motion Seeking Bail Pending Trial, at pages 4-5.

> During oral argument, the government also told the Court that:
>
> [Mr. Ruggiero] is a gentlemen who, because of his position as a soldier in the Gambino crime family, is essentially the executive that was in charge of the operation of Zuccaro and his organization and the negotiating with Mr. Zuccaro over a long period of time for which we have multiple witnesses concerning the distribution of drugs and for which he received a percentage and for which

---

[1] When the undersigned challenged the government to produce these "electronic recordings" in court – the government conceded that there were no such recordings and that the "tribute" allegation was false.

2

>   the Gambino crime family received a percentage to continue to
>   permit him [Zuccaro] to exist.

See transcript of August 17, 2006, proceedings at pages 10-11.

While I recognize that Your Honor has denied previous requests by Mr. Ruggiero for bail, as his lawyer and an officer of the court, I am constrained to renew this request due to the serious misrepresentations made by the government in connection with the prior bail proceedings.

Recently, cooperating witness, Peter Zuccaro, was called by the U.S. Attorney's Office in this district to testify for the first time in a case pending before Judge Weinstein – entitled United States v. Dominick Pizzonia and Alfred DiConiglio, 05 Cr 425 (JBW). The sworn statements made by Zuccaro during his cross-examination by defense counsel are wholly inconsistent with the picture the government portrayed to the Court to secure Mr. Ruggiero's remand here.

Zuccaro testified at the Pizzonia trial that he had no supervisor in his marijuana business. In fact, Zuccaro told Judge Weinstein and the jury that he kept the marijuana business he operated for over a decade a secret and never told anyone in organized crime about it. The following exchanges took place on this subject:

>   Q   Did you ever tell anyone in organized crime that you had this multi-million dollar marijuana operation?
>
>   A   No, I wouldn't want anybody in organized crime to know about that.
>
>   Q   You were avoiding the so-called rule of kicking up [money to his superiors]. [2]
>
>   A   I was breaking the rule, yes.

---

[2] Zaccaro also testified at the Pizzonia trial that his "superior" in the Gambino Family during the entire time frame that he dealt marijuana was an individual named "Iggy" [Alonga]. Id. at page 2265-2266.

3

    Q    And you testified on direct examination about kicking up and paying tribute, correct?

    A    Yes.

    Q    And you kept this secret because you didn't want to share the profit, correct?

    A    It's not because I didn't want to share, it's because I didn't know who was going to talk about it in social clubs, what I was doing or what was going on and heat would have come on me.

.    .    .

    Q    I'm asking you – the only reason you did this [hydroponic marijuana grow operation] independent – on your own – and in secret – was because you didn't want to share the money, right?

    A    No, that wasn't the main reason. I just told you what the main reason was. I didn't want people talking about my business in social clubs and spreading around what I was doing.

See Pizzonia trial transcript at page 2524/lines 22-25 thru page 2525/lines 1-12 and page 2525/lines 21-25 thru page 2526/lines 1-2.

    Moreover, when asked about his relationship with Angelo Ruggiero – Zuccaro told the jury that he did not know whether he had even seen Mr. Ruggiero during the 1990's – the same time frame that the government told the Court that Mr. Ruggiero was "the executive in charge of Zuccaro's marijuana grow operation." The following exchange took place on this point:

    Q    How long did you know Angelo Ruggiero?

    A    Practically his whole life.

    Q    You knew him after you came out of jail in the 80's.

    A    Yes. But I didn't see him.

4

> Q    Did you see him in the 90's?
>
> A    I don't know when I was reacquainted with him.

Id. at page 2553/lines 18-23.

Zuccaro also testified that his partner in the pot business over the years was Leonard Palone – and no one else.

> Q    Did you have any partners except you and Lenny Palone?
>
> A    Just me and Lenny. There was a time when Lenny brought this kid Adam around in the 90's that he wanted to make him a partner – but it didn't work out.
>
> Q    So just to understand the operation, you explained that you and Lenny were the owners, partners, you have some distributors, correct?
>
> A    Yes.

Id. at page 2522/lines 12-20.

Zuccaro was then asked whether Angelo Ruggiero was one of the distributors and his reply was "No," but that "he [Angelo Ruggiero] had Gus [Fakiris]." Id. at page 2553 thru 2555/lines 1-8. Zuccaro was then asked to explain for the jury what he meant by the term "he had Gus" – and he gave the following explanation:

> "The guy [Gus Fakiris] was supposed to be with him [Angelo Ruggiero] or his brothers, or whatever."

Id. at page 2555/lines 14-16.

5

Then, when asked to explain the sum and substance of his drug dealing with Fakiris – Zuccaro told the jury that Fakiris had purchased a total of 140 pounds of pot from him during the years 2003 and 2004.[3]

> Q   Gus was the customer that we had discussed before that bought 140 pounds [of pot] from you.
>
> A   Yes.
>
> Q   I believe that was 2002 to 2004?
>
> A   Yeah, 2003.

Id. at page 2555/lines 9-13.

This Court was misled by the government during the prior bail proceedings in an attempt to ensure Mr. Ruggiero's remand. The government's misconduct should not be countenanced. The sworn testimony of Peter Zuccaro was so different than the proffer made by the government here – that it should serve – in and of itself – to rebut the presumption under the Bail Reform Act.
Mr. Ruggiero has been incarcerated for more than a year. He should be ordered immediately released on bail.

> Respectfully submitted,
> /JRF/
> James R. Froccaro, Jr.

JRF:tp
Encls.

---

[3] This is far less than the 1,000 kilograms of marijuana necessary to trigger the mandatory minimum ten-year term of imprisonment the government alleged Mr. Ruggiero would be held accountable for in the event of a conviction here.
For Your Honor's information, 140 pounds is the equivalent of 63.5 kilograms. The base offense level for 63.5 kilograms of marijuana under the U.S. Sentencing Guidelines is level 22 and the corresponding imprisonment range is 41-51 months.

6

cc: AUSA Burton T. Ryan, by fax, w/encls.